# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MYSTERYBOY INCORPORATED and EDDIE RISDAL, <br><br> Plaintiffs, <br><br> vs. <br><br> CORY TURNER and TOM HENGEVELD, <br><br> Defendants. | No. C21-4022-LTS <br><br> **MEMORANDUM OPINION AND ORDER** |

This matter is before me on plaintiff Eddie Risdal's pro se motion (Doc. 4) to appoint counsel. Also before me is Risdal's response (Doc. 6) to my show cause order (Doc. 5).

## I.     FILING FEE

On June 14, 2021, plaintiff Eddie Risdal filed a pro se 42 U.S.C. § 1983 complaint (Doc. 1-1) along with a motion (Doc. 1) to proceed in forma pauperis. Based on Risdal's history with motions to proceed in forma paupers (*See, e.g.*, C18-4057-LTS, Doc. 75), and discrepancies on the face of the certification of inmate account and assets (*see* Doc. 1 at 4), I invited the defendants to respond to Risdal's motion, which they did. Doc. 3. Defendants state that in the Calendar Year 2021, Risdal transferred $12,500 to his personal savings account from his CCUSO institutional account. Defendants also attached the original, unaltered, "Certification of Inmate Account and Assets," which was signed by a CCUSO official. *See* Doc. 3-2. Based on those documents, I found that Risdal had sufficient funds to pay the filing fee and denied his motion to proceed in forma pauperis. Doc. 5 at 1. I gave Risdal 30 days to pay the filing fee, which he did

not do. As such, Risdal's complaint (Doc. 1-1) will be denied and this case will be dismissed for failure to pay the filing fee.

## II. SHOW CAUSE ORDER

On August 10, 2021, I entered a show cause order (Doc. 5) directing Risdal to show cause why he should not be sanctioned for violating Federal Rule of Civil Procedure 11(b).[1] On August 19, 2021, Risdal filed response. Doc. 6. In his response, Risdal acknowledged that he sent $12,500 to his bank on January 30, 2021. Risdal stated that the money was earmarked for funeral expenses and a storage unit rental fee. Risdal then referenced the rules applicable to prisoners applying to proceed in forma pauperis, noted that he was only required to list his income for the preceding six months.[2] Risdal claims he made an "error" when he said he did not have any money in his checking or savings accounts. Doc. 6 at 1. Risdal also said he is "mentally incompetent," and he cannot "be held responsible for errors he may make." *Id*. The remaining portion of Risdal's

---

[1] Rule 11(b) states:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

[2] The court received Risdal's motion (Doc. 1) to proceed in forma pauperis on June 14, 2021, which was within six months of January 30, 2021.

response is an allegation that "Judge Leonard T. Strand is bias towards Risdal" because I have previously dismissed civil suits filed by him. *Id*. Risdal goes onto say that "Judge Strands schemed with [the Clerk for the Eighth Circuit Court of Appeals] to charge Risdal over $400.00 fees to appeal the two suits." *Id*. Risdal does not address the fact that he obtained a certificate of his patient account from CCUSO, which was signed by a CCUSO official, but he then surreptitiously altered it and provided it the court.[3]

I invited the defendants to also file a response to the show cause order. The defendants filed a response stating that they, "support[] a modest sanction to convey the import of candor in court filings." Doc. 7.

I have previously advised Risdal about his Rule 11(b) duty of candor to the court specifically about motions to proceed or appeal in forma pauperis. *See* C18-4057-LTS, Doc. 75 at 3, *citing* Fed. R. Civ. P. 11(b). In this case, Risdal once again violated Rule 11(b). In his motion to proceed in forma pauperis, Risdal stated he has "$0000" in "checking or savings account[s]." Doc. 1 at 2. He also stated he has no income beyond the stipend provided by CCUSO. Those claims appeared to be false based on the exhibits attached to defendants' response (Doc. 3), and Risdal has now confirmed that he transferred $12,500 to his bank account in 2021.[4] *See* Doc. 6 at 1. Finally, as discussed above, Risdal also submitted a Certification of Inmate Account that he altered after it was signed by a CCUSO official. Nothing in Risdal's response adequately explains away his

---

[3] That "Certification of Inmate Account and Assets" is typically provided to pro se inmates or patients who request a § 1983 packet from our Clerk's office or who download it off the court's website. Although it is not required in the circumstance of a patient moving to proceed in forma pauperis, when it is submitted it is to be prepared and signed by an "Authorized Officer" at the person's place of confinement. The document Risdal filed was prepared by an officer at CCUSO but was then altered. Specifically, Risdal erased notations about his outside savings account and changed the finding about whether he had sufficient resources to pay the filing fee. *Compare* Doc. 1 at 4, with Doc. 3-2.

[4] It is not relevant that Risdal planned to spend that money on something other than filing fees. What is relevant is that he lied about having it.

3

blatant misrepresentations to the court, especially considering that he has been previously admonished about a similar issue. I therefore find that Risdal willfully violated Rule 11(b) by filing documents in this case that he knew were not factually correct.[5]

The final question is the appropriate sanction. Rule 11(c) states:

> [o]n its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b). . . A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(3)-(4). Among other considerations, the sanction must serve to deter Risdal from committing further violations of this type. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (concluding that the primary purpose of Rule 11 sanctions is to "deter baseless filings in district court and thus … streamline the administration and procedure of the federal courts."); *Kirk Capital Corp v. Bailey*, 16 F.3d 1485, 1490 (8th Cir. 1994) ("the primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for all of its costs in defending.").

I previously noted that sanctions may include a monetary penalty of $1000 or more. After considering all the facts of Risdal's conduct, including the obviousness of

---

[5] I give no weight to Risdal's allegation that he is incompetent, as he has provided no supporting evidence. Moreover, Risdal has filed numerous pro se civil actions in this court and has competently (if not always honestly) pursued his claims. *See, e.g.*, C89-0115-MJM, C93-0091-MJM, C98-0015-MWB, C99-0112-MWB, C99-0116-MWB, C00-018-MWB, C00-172-MJM, C05-4035-LRR, C05-4063-MWB, C05-4077-LRR, C05-4098-LRR, C05-4105-LRR, C05-0135-LRR, C07-3015-LRR, C07-4022-MWB, C08-4029-MWB, C08-4043-MWB, C11-4035-DEO, C12-4036-DEO, C18-4057-LTS, C19-4007-LTS, C20-4037-LTS, C21-4035-LTS.

4

Risdal's attempt to deceive the court, the fact that this is the second time Risdal has been found to have filed inaccurate information about his monetary circumstances and the fact that Risdal used the show cause response to perpetuate a conspiracy theory about a "scheme" to force him to pay filing fees, I find that a sanction of $1000 is the appropriate penalty to deter Risdal from continuing to file documents that he knows to be false or altered. *See Carlone v. Asbestos Workers Local* 34, 589 F. App'x 344 (8th Cir. 2015) (unpublished) (approving Rule 11 sanction against a pro se plaintiff).

### III. CONCLUSION

For the reasons set forth herein:

1. Risdal's complaint (Doc. 1-1) is **denied** and this case is **dismissed** without prejudice for failure to pay the filing fee.
2. Risdal's motion (Doc. 4) to appoint counsel is **denied** as moot.
3. Risdal is hereby **sanctioned** pursuant to Federal Rule of Civil Procedure 11(c) in the amount of **one thousand dollars ($1,000.00)**. Risdal must pay that amount to the Clerk of Court within 90 days of the date of this order.

**IT IS SO ORDERED.**

**DATED** this 29th day of March, 2022.

_____
Leonard T. Strand, Chief Judge